IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL RAY ROBLEDO | § | |
| v. | § | CIVIL ACTION NO 6:24cv154 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Daniel Robledo, proceeding *pro se*, filed this lawsuit complaining of alleged deprivations of his constitutional rights.  The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The sole named Defendant is the Texas Department of Criminal Justice.

**I. The Plaintiff's Amended Complaint**

After review of the Plaintiff's complaint, the Court directed him to file an amended complaint setting out a short and plain statement of his claims with factual specificity. The Court gave guidance to Plaintiff in filing his amended complaint by specifying that Plaintiff should provide: (1) a concise statement of each of the claims he wished to raise, including specific facts rather than conclusory allegations; (2) the individual, individuals, or entities whom Plaintiff wished to sue; (3) a statement of how each named defendant is involved in the facts forming the basis of the lawsuit; (4) the harm suffered by Plaintiff; and (5) the relief sought. (Docket no. 4). Plaintiff filed his amended complaint on June 10, 2024 (docket no. 8). The amended complaint supersedes the original and is the operative pleading in the lawsuit.  *See Montgomery v. Walton*, 759 F.App'x 312, 2019 U.S. App. LEXIS 880, 2019 WL 166016 (5th Cir., January 10, 2019), *citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes the original and renders it of no

legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading, which Plaintiff's amended complaint here does not).

In his amended complaint, Plaintiff states that on January 10, 2024, he suffered severe head, neck, and shoulder injuries because TDCJ staff members failed to properly secure him in a van with a seat belt.  Plaintiff states that the van was traveling at 65 to 70 miles an hour when the brakes were suddenly applied, causing him to be hurled to the front of the vehicle head first into a metal grate. He was rushed to the Michael Unit and then to the Beto Unit for first aid treatment.  After a 911 call to Palestine Regional Hospital, Plaintiff states that he was taken to the hospital, where he received 11 staples to stop the bleeding and close the four-inch gash on his head.  However, Plaintiff says that nothing was done to correct the injuries in his neck, right shoulder, and left elbow.

Plaintiff says that this was his first day back in TDCJ custody and he was not familiar with the security officer present that day.  He states that because he was being transported to another unit, he was placed in shackled restraints, including chains and handcuffs to his ankles and wrists leading to a leather belt strapped around his waist. He explains that he had very minimal movement and could not secure himself to the vehicle's seat, making it the responsibility of the security staff to make sure that he was secured to the seat. However, he asserts that the staff failed to do so.

## II. Discussion

The sole named Defendant is the Texas Department of Criminal Justice. However, the Department is an agency of the State of Texas and as such, is immune from suit under the Eleventh Amendment. *Harris v. Angelina County, Texas*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988). Because TDCJ has absolute immunity from suit, Plaintiff's claims against TDCJ have no arguable basis in law and fail to state a claim upon which relief may be granted against the Texas Department of Criminal Justice.

Plaintiff's complaint also suffers from an additional flaw.  His amended complaint contends that officers put him in a transport van but failed to secure his seat belt.  Some time during the trip, the driver slammed on his brakes, causing Plaintiff to be hurled forward and strike a metal grate.

In *Nixon v. Neal*, civil action no. 20-2934, 2021 U.S. Dist. LEXIS 123025, 2021 WL 2688950 (E.D.La., June 7, 2021), several Louisiana prison vans were involved in a multi-vehicle accident. The plaintiff Herman Nixon alleged that he was being transported in a shuttle bus even though he had recently had surgery.  His feet were shackled and he had zip ties on his hands, but he was not seat-belted. He contended that the accident occurred because the driver was paying attention to his phone and not the road.

The district court observed that the Fifth Circuit and district courts within the circuit have consistently held that the mere failure to provide seat belts for prisoners during transportation does not by itself amount to deliberate indifference. The court looked to *Anderson v. Stephens*, 609 F.App'x 217, 2015 U.S. App. LEXIS  11868, 2015 WL 4091703 (5th Cir., July 7, 2015), in which the prisoner complained he suffered injuries in a traffic accident while being transported in a prison bus without seat belts. The Fifth Circuit affirmed the district court's dismissal of the lawsuit as frivolous, noting that the prisoner did not allege that the bus driver had the knowledge of a substantial risk as is required to state an Eighth Amendment claim.

Likewise, in *Crooks v. Crain*, 327 F.App'x 493, 2009 U.S. App. LEXIS 10534, 2009 WL 1361492 (5th Cir. 2009), the prisoner claimed that being transported in vehicles lacking seat belts was so unsafe as to violate his constitutional rights. The Fifth Circuit upheld the dismissal of the lawsuit as frivolous.

By contrast, in *Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013), the plaintiff alleged that he was in leg irons and handcuffs but did not have a seat belt, and thus could not protect himself when the driver stopped abruptly. He contended that the driver operated the vehicle recklessly despite knowing that the plaintiff was shackled and did not have a seat belt.  The plaintiff further stated that the driver told another officer that other prisoners had similarly been injured the

3

prior week and that such incidents "happen all the time."  The Fifth Circuit held this complaint was distinguishable because the additional facts alleged by the plaintiff, accepted as true, were sufficient to demonstrate knowledge of the risk to the plaintiff and a disregarding of this risk.

In the present case, Plaintiff does not allege that the officers knew of and disregarded a substantial risk to his safety, nor does he set out any facts showing that the driver operated the van recklessly despite knowing of prior injuries or dangers. Even had Plaintiff named the officers as Defendants, which he did not, he has not set out a viable claim of deliberate indifference.  *See also Acuna v. TDCJ Van Drivers*, civil action no. 5:20cv185, 2022 U.S. Dist. LEXIS 106981, 2022 WL 2162927 (E.D.Tex., January 25, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 106950, 2022 WL 2161025 (E.D.Tex., June 15, 2022) (rejecting claim against TDCJ van drivers where plaintiff failed to allege deliberate indifference).

## III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level.  *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a

probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are given the benefit of liberal construction, such litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). This means that the court is still bound by the allegations of the complaint and is not free to speculate that the

plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id.* at 97.

Plaintiff's claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted because the sole named Defendant, the Texas Department of Criminal Justice, is an agency of the State of Texas and therefore has sovereign immunity from suit. In addition, he has failed to state a claim for deliberate indifference. Consequently, his lawsuit should be dismissed; in the interest of justice, this dismissal should be without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 195A.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 7th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE