IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DANIEL RAY ROBLEDO,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:24-cv-154-JDK-KNM<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel Ray Robledo, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  Plaintiff generally complains about injuries he suffered while being transported in a TDCJ van without a seatbelt.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On July 7, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case without prejudice as frivolous and for failure to state a claim upon which relief may be granted.  Docket No. 9.  Plaintiff filed written objections.  Docket No. 11.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserts that the officers were negligent and showed deliberate indifference by ignoring his plea to use the seatbelt and driving in a dangerous manner. He cites *Hendrix v. Hudson*, 2023 WL 3043273 (E.D. Mich. April 21, 2023), as support for the argument that prison officials transporting prisoners can violate the Eighth Amendment by driving dangerously. In *Hendrix*, a prison van driver was talking on a cell phone and looking at another officer's phone screen while driving. *Id.* at *1. While distracted, he crashed into a stopped vehicle at 35 miles per hour, injuring the prisoner. *Id.* The *Hendrix* court concluded that these allegations showed negligence but did not rise to the level of deliberate indifference and dismissed the lawsuit. *Id.* at *3–4.

Similarly, the Magistrate Judge correctly determined that the alleged behavior of the TDCJ officers here did not rise to the level of deliberate indifference. Plaintiff alleges that the officers were conversing among themselves and not paying attention. While this may sufficiently support a negligence claim, it does not demonstrate deliberate indifference. And Plaintiff's conclusory use of the phrase "deliberate indifference" does not render his allegations a constitutional claim. *See, e.g.*, *Posey v. Sw. Bell Tel. L.P.*, 430 F. Supp. 2d 616, 623 (N.D. Tex. 2006) (use of technical buzzwords and legal jargon in an attempt to create liability, including such terms as "deliberate indifference" or "inherently dangerous," is not sufficient to create a

genuine issue of fact where the acts actually described amount to no more than negligence); *Eubanks v. TDCJ*, 2024 WL 1392524 (S.D. Tex. Apr. 1, 2024) (use of conclusory terms such as "retaliation" or "deliberate indifference," unsupported by factual allegations, do not set out a valid § 1983 claim).

Plaintiff also speculates that the officers "knew the risk of not using seat belts." Docket No. 11. Being transported in a van without a seatbelt is not itself sufficient to show deliberate indifference to a prisoner's safety. *See Anderson v. Stephens*, 609 F. App'x 217, 218 (5th Cir. 2015) (dismissing prisoner's claim of injuries sustained while being transported in a bus without seatbelts because the prisoner did not allege knowledge of a substantial risk); *Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009) (rejecting claim that being transported in vehicles lacking seatbelts was so unsafe as to violate prisoner's constitutional rights). Also, a single instance of "slamming" on the brakes does not, by itself, show deliberate indifference. *Sharper v. Dall. Cnty. Sheriff*, 2022 WL 18028142 (N.D. Tex. Apr. 20, 2022); *Acuna v. TDCJ Van Drivers*, 2022 WL 2162927 (E.D.Tex. Jan. 25, 2022); *compare Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (claim that prison van driver told another officer that other inmates had been similarly injured the prior week and during other incidents, which "happen all the time," was sufficient to show that the driver knew of and disregarded the risk to the plaintiff). Here, Plaintiff offers nothing to suggest that the van driver knew of a substantial risk of harm based on his driving or the failure to seatbelt a prisoner. The Court overrules the objections.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted.

**So ordered and signed on this** _____

**Aug 15, 2024**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE